UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

BARBARA FAGAN,

        Plaintiff,

        v.                                     Case No. 06-C-0380

PAUL M. DESTEFANIS, DDS, S.C.,
THE CINCINNATI INSURANCE COMPANIES,
WAUSAU BENEFITS, INC.,

        Defendants.

---

DECISION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND (DOC #24), DENYING AS MOOT DEFENDANT WAUSAU BENEFITS' MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIM (DOC # 8), DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE DEFENDANT WAUSAU BENEFITS' MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIM (DOC #24), AND GRANTING IN PART DENYING IN PART PLAINTIFF'S MOTION FOR COSTS AND ATTORNEY FEES (DOC #24) AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS AS MOOT

        Barbara Fagan commenced this action on April 21, 2005, by filing a summons and complaint in Milwaukee County Circuit Court as Civil Action No. 05-CV-3660. Fagan alleged medical malpractice against defendants, Paul M. DeStefanis, DDS, S.C. (DeStefanis), and his insurer, the Cincinnati Insurance Companies (Cincinnati). (Notice of Removal Ex. A at 4-6.) Fagan joined Wausau Benefits, Inc., (Wausau Benefits) for the purpose of complying with the provisions of Wis. Stat. § 803.03, but questioned whether defendant Wausau Benefits, Inc., was subrogated or had an interest in the case. (Notice of Removal Ex. A at 4.)

        Although Fagan stated that she was not asserting a claim for "affirmative relief" against Wausau Benefits (Notice of Removal Ex. A at 4), she sought "judgment

determining the rights of Wausau Benefits, Inc. as against the Plaintiff . . . upon any claim of subrogation or reimbursement asserted by Wausau Benefits, Inc. . . . ." (Notice of Removal Ex. A at 6.)

On March 14, 2006, Fagan, DeStefanis, and Cincinnati attended a mediation session. (Notice of Removal Ex. B at 4.) However, Wausau Benefits did not appear. (Notice of Removal Ex. B at 4.) Shortly thereafter, Fagan settled her claims against DeStefanis and Cincinnati for $32,000. (Notice of Removal Ex. B at 5.)

On March 28, 2006, Fagan filed a motion for declaratory judgment in Milwaukee County Circuit Court arguing that Wausau Benefits' right of subrogation should be extinguished (Notice of Removal Ex. B at 8) and that federal law allows the court to sanction Wausau Benefits for failing to timely provide her with copies of documents relating to her employee benefit plan under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1132(a)(1)(A) and 1132(c)(1)(B) (Notice of Removal Ex. B at 16). Additionally, Fagan asserted that "ERISA law empowers a plan participant, like Ms. Fagan, to file a civil action to obtain equitable relief, to redress violations of the law or to enforce provisions under ERISA law. See 29 U.S.C. § 1132(a)(3)." (Notice of Removal Ex. B at 16.)

On March 30, 2006, Wausau Benefits removed this case from Milwaukee County Circuit Court, invoking federal question jurisdiction. One of the stated grounds for the removal was that Fagan's claims under 29 U.S.C. § 1132(a)(3) was "completely preempted" thereby conferring exclusive subject matter jurisdiction on the district court. (Notice of Removal at 2.)

Now, Fagan seek an order remanding the case to state court, contending that if the doctrine of complete preemption applies to her claims, the removal was untimely inasmuch as it was not brought within thirty days following service of the original complaint. (Pl.'s Br. in Supp. of Pl.'s Mot. to Remand at 10-11.)

The party seeking to invoke federal jurisdiction bears the burden of proving that removal is appropriate. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). "Removal is proper if it is based on statutorily permissible grounds, and if it is timely." *Id.* (citation omitted) (citing 28 U.S.C. §§ 1441, 1446). Ordinarily a notice of removal is timely if it is filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The period for removal begins with formal service of process – either simultaneous service of the summons and complaint or receipt of a complaint after service of the summons. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). However, a case that was not removable initially may be removed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 28 U.S.C. 1446(b).

Fagan and Wausau Benefits disagree as to when the case became ripe for removal. Wausau Benefits argues that Fagan's reference to sanctions available under 29 U.S.C. § 1132(c)(1)(B) made the present case ripe for removal under 28 U.S.C. §§ 1441(c) and 1446(b), and that its March 30, 2006, notice of removal was therefore timely. (Def. Wausau Benefits' Resp. to Pl.'s Mot. to Remand at 13.) On the other hand, Fagan submits

3

that if the claims relating to any right of subrogation or reimbursement by Wausau Benefits are preempted completely, this case was ripe for removal when Wausau Benefits filed its answer in Milwaukee County Circuit Court. (Pl.'s Br. in Supp. of Pl.'s Mot. to Remand at 10-11.)

According to 28 U.S.C. § 1446(b), a defendant has up to 30 days after service of the complaint to timely file a notice of removal. Here, although it is unclear when Wausau Benefits was served with process, it is clear that Wausau Benefits filed its answer on May 10, 2005. (Notice of Removal Ex. B at 11.) Hence, it is safe to say that Wausau Benefits was served with process sometime before May 10, 2005, and that its March 30, 2006, notice of removal was filed more than 30 days after service of process. Therefore, it appears that removal was untimely under 28 U.S.C. § 1446(b).

To determine when Fagan's complaint was ripe for removal, the court must consider whether ERISA would preempt the claims that she asserted in the original complaint regarding subrogation or reimbursement by Wausau Benefits. Complete preemption permits "recharacterization" of a plaintiff's state law claim as a federal claim so that removal is proper. *Speciale v. Seybold*, 147 F.3d 612, 615 (7th Cir. 1998). Whether or not a cause of action has been completely preempted is determined by the intent of Congress. *Id.*, citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S. Ct. 1542, 1547-48 (1987). In *Taylor*, the Supreme Court expanded the "complete preemption" exception to the well-pleaded complaint rule, to include all state actions falling within the scope of § 502(a) of ERISA, 29 U.S.C. § 1132(a). *Seybold*, 147 F.3d at 615. Therefore, "federal subject matter jurisdiction exists if the complaint concerns an area of law

4

'completely preempted' by federal law, even if the complaint does not mention a federal basis of jurisdiction." *Id.*

In determining whether a claim is within the scope of § 502(a), three factors are examined: (1) whether the "plaintiff" is eligible to bring a claim under that section; (2) whether the plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via § 502(a); and (3) whether the plaintiff's state law claim cannot be resolved without an interpretation of the contract governed by federal law. *Id.* Fagan satisfies all three factors.

With regard to the first factor, Fagan is clearly a "participant" who is eligible to receive benefits from an employee benefit plan. *See* 29 U.S.C. § 1002(7) (2005). Further, a "participant" may sue under § 502(a). *See* 29 U.S.C. § 1132(a)(1) and (a)(3).

With regard to the second factor, Fagan's claim set forth in paragraph 2 of the original complaint (Notice of Removal Ex. A at 6), regarding subrogation or reimbursement by Wausau Benefits, appears to fall within the scope of 29 U.S.C. § 1132(a)(1)(B). At paragraph 2, Fagan requests "judgment *determining the rights* of Wausau Benefits, Inc. as against Plaintiff . . . upon any claim of subrogation or reimbursement asserted by Wausau Benefits. . . ." (Notice of Removal Ex. A at 6) (emphasis added.) Indeed, the language employed in paragraph 2 of the original complaint closely follows the language employed in 29 U.S.C. § 1132(a)(1)(B). Particularly, § 1132(a)(1)(B) provides that "[a] civil action may be brought by a participant . . . to clarify his rights to future benefits under the terms of the plan." Fagan's claim as stated in paragraph 2 of the original complaint and a civil enforcement action under 29 U.S.C. § 1132(a)(1)(B) contemplate a substantially similar goal - clarification of Fagan's

5

rights to benefits from Wausau Benefits and determination of whether Wausau Benefits is entitled to a right of subrogation or reimbursement under Fagan's employee benefit plan.

Clarification of Fagan's entitlement to benefits requires interpretation of Fagan's ERISA-governed employee benefit plan. Fagan and Wausau Benefits disagree as to whether her employee benefit plan, which is administered by Wausau Benefits, is self-funded or funded by insurance. Fagan maintains that documentary evidence indicates that her employee benefit plan is indeed funded by insurance (Notice of Removal Ex. B at 5-8), while Wausau Benefits submits that Fagan was covered under a self-funded ERISA plan. (Notice of Removal Ex. A at 10.) Because these contentions require "contract interpretation," the third factor in determining whether Fagan's claims is within the scope of § 502 is satisfied. (Notice of Removal Ex. B at 5-10.)

In *Seybold*, the Seventh Circuit Court of Appeals held that where there are adversarial claims to a settlement fund between an ERISA plan subrogation claim and other statutory medical liens in a state cause of action, there is no preemption under § 502(a) and the allocation of funds is a matter for the state court under which original jurisdiction arose. 147 F.3d at 617. However, in that case the Seventh Circuit noted that "Wal-Mart's subrogation right has not been questioned." *Id.* Here, Wausau Benefit's subrogation rights were questioned.

As a consequence, the court finds that the case at bar was ripe for removal when the plaintiff's original complaint was filed in Milwaukee County Circuit Court. The original complaint, requested "judgment determining the rights of Wausau Benefits, Inc. as against Plaintiff . . . upon any claim of subrogation or reimbursement asserted by

6

Wausau Benefits, Inc. . . . ." Hence, this claim would have been completely preempted by ERISA and removable immediately under 28 U.S.C. § 1441(c).

Next, Fagan argues that she is entitled to costs and fees because Wausau Benefits removed this case to federal court improperly. (Pl.'s Br. in Supp. of Pl.'s Mot. to Remand at 15-16.) Further, she asserts that Wausau Benefits' removal was unwarranted at such a late stage in the state court proceedings, thereby frustrating her ability to resolve her claim expeditiously. *Id.* Wausau Benefits responds that it has a "very good reason to remove the case because the plaintiff's claim for sanctions under 29 U.S.C. § 1132(a)(1)(A) and (c)(1)(B) are [sic] completely preempted,. . . ." (Def. Wausau Benefits' Resp. to Pl.'s Mot. to Remand at 16.)

Section 1447(c) provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of fees and costs under § 1447(c) is within the discretion of the court. *Tenner v. Zurek*, 168 F.3d 328, 331 (7th Cir. 1999). However, costs and fees may be ordered without a finding that the removal was in bad faith. *Tenner*, 168 F.3d at 329-30. This is so because § 1447(c) "is not a sanctions rule; it is a fee-shifting statute, entitling the district court to make whole the victorious party." *Garbie v. Daimler Chrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000).

Regarding fee-shifting rules, the Seventh Circuit has stated that the winner "is entitled to fees unless the opponent establishes that his position was 'substantially justified.'" *Rickels v. City of S. Bend*, 33 F.3d 785, 787 (7th Cir. 1994). Substantially justified means more than "reasonably justified," and it means "more than merely undeserving of sanctions for frivolousness." *Pierce v. Underwood*, 487 U.S. 552, 566, 101

7

L. Ed. 2d 490, 108 S. Ct. 2541 (1988). Under this standard, the court "looks to whether a defendant had a good reason to remove the case, and thus to the merits of the removal. . . ." *Moore v. Permanente Med. Group*, 981 F.2d 443, 447 (9th Cir. 1992).

It does not appear that Wausau Benefits' removal was substantially justified. As discussed above, the proper time for filing notice of removal was no later than 30 days after service of the original complaint. In Wausau Benefits' answer to the original complaint, it acknowledged the dispute as to whether it was subrogated to Fagan's interest in her claim in the state action, and whether it had a subrogation interest for any future medical expenses paid under a self-funded ERISA plan. (Notice of Removal Ex. A at 9.) Also, during the initial stages of the case in state court, Wausau Benefits was aware that its right of subrogation would be disputed at some point. This should have been a signal that the time to remove the case to federal court was at hand.

Instead, Wausau Benefits removed the case only after Fagan argued that its lien on her settlement should be "zeroed-out" because federal law (*i.e.*, ERISA) empowered her to bring a civil action against Wausau Benefits to recover penalties for failing to provide certain plan materials or information. (Notice of Removal Ex. B at 16.) Therefore, the court finds that the removal of this case was not substantially justified and that Fagan is entitled to costs and attorneys' fees.

Fagan maintains that she should be awarded prejudgement interest because removal stopped a state court hearing scheduled for April 10, 2006. (Pl.'s Br. in Supp. of Mot. to Remand at 19.) However, the case law cited by Fagan (*e.g.*, *Gorenstein*) contemplates the award of prejudgement interest to victims of federal law violations.

8

(Emphasis added) (Pl.'s Br. in Supp. of Mot. to Remand at 20.) However, Fagan is not a victim of a federal law violation.

Now, therefore,

IT IS ORDERED that plaintiff's Motion to Remand is granted.

IT IS FURTHER ORDERED that Wausau Benefits' Motion for Leave to File Amended Counterclaim is denied as moot.

IT IS FURTHER ORDERED that plaintiff's Motion to Strike Defendant Wausau Benefits' Motion for Leave to File Amended Counterclaim is denied as moot.

IT IS FURTHER ORDERED that plaintiff's Motion for Costs and Attorney Fees is granted in part and denied in part and that Wausau Benefits, Inc., shall pay the plaintiff's costs and attorneys fees in the amount of $6,053.13.

IT IS FURTHER ORDERED that plaintiff's Motion for Sanctions is denied as moot.

Dated at Milwaukee, Wisconsin, this 14th day of December, 2006.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge